MAUCK, J.
The plaintiff brought its action in the common pleas to enjoin the auditor of Cincinnati from collecting an occupational *695 tax levied under a city ordinance, which among other things provided that persons or corporations loaning money on chattel mortgage should pay an annual tax of $100; those loaning money on the Morris plan should pay a tax of $150, and those loaning on an assignment of wages should pay $100. The petition alleges that the plaintiff is duly licensed by the state of Ohio to engage in the business of loaning on chattels and assignments of wages and has paid the annual license fee therefor, and is by reason of that fact exempt from the operation of the ordinance referred to. The common pleas sustained a demurrer to the petition and error is now prosecuted to the judgment that followed the sustaining of the demurrer.
The occupational tax ordinance of Cincinnati is constitutional, the power to enact the same proceeding directly from the constitution. State v. Carrel, 99 Ohio St. 220. The exercise of this constitutional power is, however, subject to express statutory limitations, Art. 18, Sec. 13, and possibly to an implied limitation when the state by statute exercises the right to tax the same subject-matter.
The contention of the plaintiff in the instant case is that the state has, by enacting Secs. 6346-1 G-. C., et sep., expressly excluded the municipality from taxing the business of the plaintiff corporation, and that the state has by implication excluded the municipality from this field of taxation by itself imposing such tax under the statute referred to. An examination of this act discloses that by Sec. 6346-1 it is made unlawful to conduct such a business as that engaged in by the plaintiff without first obtaining a state license therefor. The succeeding section provides that the licensee shall pay an annual fee of $100 and “no other or further license fee shall be required from any such licensee by the state or any municipality. ’ ’ The argument of the plaintiff is that the statute and ordinance in-effect cover the same field; that the legislature in denying to the city the right to exact a license fee from a loan company denies it the right to levy an excise tax on such business; and that in as much as both the statute and ordinance exact the payment of money for and on account of the same business that the character of these exactions is indistinguishable. In effect the position of *696 the plaintiff is that no distinction can be made between a tax and a license fee, or that if there be any such distinction that both of these are of the same kind and that they are both taxes or that they are both licenses. This position we deem unsound. The principle involved is not a new one in Ohio. However the lexicographers may define the words tax and license, the Supreme Court of this state has determined that the words have a distinctly different meaning in the legislation of this state. Under the Constitution of 1851 the legislature was inhibited from licensing the traffic in intoxicating liquors. Notwithstanding this the Supreme Court held that it had the right to tax the business of trafficing in intoxicating liquors. Adler v. Whitbeck, 44 Ohio St. 539 [9 N. E. 652], The distinction is not obeure. In State v. Hipp, 38 Ohio St. 199, the court held:
‘ ‘ A license is permission granted by some competent authority to do an act which without such permission would be illegal.”
Now the statute under immediate consideration made the particular loan business in question illegal except where permission was granted to the licensee. That business became legal whenever the state’s license was issued. It was not only reasonable, but was necessary, when the state granted permission to transact business in Cincinnati that the city be inhibited from further power to license, otherwise the state’s exercise of its police power could be destroyed by mere municipal exercise thereof. The city, however, did not by the ordinance in question assert a power to deprive the loan company of its right to do business. It did not challenge the state’s license in any way. It only provided that all persons or companies pursuing this occupation in the city, as well as all those pursuing other designated followings, should pay the tax prescribed.
‘ ‘ It would not be claimed that a tax upon the property employed in the business, as the fixtures and stock in trade, is a license to carry it on. And yet a tax upon the business itself is no more the granting of a permission to engage in it than is the levying of a tax upon the property employed in the business. In either case, if the tax is not paid, the property of the owner liable to the tax may be distrained by the state and sold to satisfy it.
*697 “The distinction between a tax upon a business, and what might be termed a license, is, that the former is exacted by reason of the fact that the business is carried on, and the latter is exacted as a condition precedent to the right to carry it on. In the one case the individual may rightfully engage in and carry on the business without paying the tax; in the other he can not. ’ ’ Adler v. Whitbeck, supra.
It is clear, therefore, that the ordinance is free from any infirmity imposed by that provision of the statute which denies the city the right to require a license.
The further contention that if the ordinance be construed to levy a tax that the statute referred to is likewise a tax upon the occupation of the licensee, and that the tax levied by the city must for this reason be enjoined so long as the statute is operative, finds no support in the language of the statute. The statute adequately and accurately creates a system of license, as defined in the Hipp ease and the Adler case. It does not come within the definition of a tax. It is not a levy upon a business being carried on, but its payment is made a condition precedent to carry on such business. ' The statute, therefore, exacts only a fee for a license permitting the plaintiff to engage in the business, while the ordinance levies a tax upon the business so authorized to be conducted. The existence of one does not militate against the other.
The court of common pleas properly sustained the demurrer to the petition of the plaintiff.
For like reasons demurrers were properly sustained in the eases brought by The Beneficial Loan Society, The Cincinnati Collateral Loan Company, The Globe Security & Loan Company, and The Citizens Mortgage Loan Company. In all these, as well as in the instant ease, the judgment is affirmed.
Sayre and Middleton, JJ., concur.